5:25-cv-87-MR

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: WESTERN |
|---|---|

| Name (under which you were convicted): TRISTAN NOAH BORLASE | Docket or Case No.: 19CRS-54115 |
|---|---|

Place of Confinement : LUMBERTON CORRECTIONAL
INSTITUTION, 75 LEGEN ROAD, LUMBERTON NC 28358    Prisoner No.: 1678880

| Petitioner (include the name under which you were convicted) TRISTAN NOAH BORLASE | Respondent (authorized person having custody of petitioner) v. MARY LOCKLEAR - WARDEN |
|---|---|

The Attorney General of the State of: N.C. Department of Justice, P.O. Box 629, Raleigh NC 27602

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Superior court of Watauga county, Boone, N.C. 28607

    (b) Criminal docket or case number (if you know): 19crs-54115

2.  (a) Date of the judgment of conviction (if you know): April 10, 2019

    (b) Date of sentencing: march 3, 2022

3.  Length of sentence: two consecutive sentences life without parole

4.  In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: two counts of First degree murder.

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty     ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty     ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *I never pleaded guilty to any of the charges.*

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☑ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

    ☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know): *N/A*

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

    If yes, answer the following:

    (1) Name of court: *North carolina court of Appeals*

    (2) Docket or case number (if you know): *COA22-985*

    (3) Result: *The state ask the court to affirm the trial court's sentencing order, leaving undisturbed Defendant's consecutive sentence of Life imprisonment without the possibility of parole.*

(4) Date of result (if you know): *may 17, 2023 - or may 2024*

(5) Citation to the case (if you know): *Petition for writ of certiorari*

(6) Grounds raised: *The trial courts finding that tristan's crimes demonstrated irreparable corruption and permanent incorrigibility was contrary to the evidence presented and not the result of a reasoned decision in violation of the requirements of miller v. Alabama and its progeny.*

(h) Did you file a petition for certiorari in the United States Supreme Court? ☑ Yes ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): *23A24*

(2) Result: *The state ask the court to affirm Defendant's Consecutive sentences of life without the possibility of parole*

(3) Date of result (if you know): *April 4, 2024*

(4) Citation to the case (if you know): *Petition for Discretionary Review*

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☑ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

*N/A*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ❏ Yes    ❏ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result: _N/A_

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ☐ No

(2) Second petition: ☐ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_I appeal to the highest state court having jurisdiction._

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _The trial court's finding that tristan's crimes Demonstrated irreparable corruption and permanent incorrigibility was contrary to the evidence presented and not the result of a reason decision._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_The entirety of the state's case went to tristan's conduct in the months leading up to and including the crimes and his conduct immediately thereafter. No evidence or argument was presented that tristan was permanently incorrigible._

(b) If you did not exhaust your state remedies on Ground One, explain why: _I exhausted my state remedies._

(c)     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes  ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ☑ Yes  ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _Petition for Writ of certiorari_

    Name and location of the court where the motion or petition was filed: _Northcarolina court_

_of Appeals, P.O. Box 2228, Raleigh, N.C. 27602_

    Docket or case number (if you know): _COA 22-985_

    Date of the court's decision: _May 17, 2023 or May 2024_

    Result (attach a copy of the court's opinion or order, if available): _copy Not available, the_

_issue was denied._

    (3) Did you receive a hearing on your motion or petition?  ☑ Yes  ☐ No

    (4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _Northcarolina supreme court_

_p.o. Box 2170, Raleigh, N.C. 27602_

    Docket or case number (if you know): _No 33 P 24_

    Date of the court's decision: _July 5, 2024 or march 2025_

    Result (attach a copy of the court's opinion or order, if available): _Denied copy available_

_____

_____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_The Issue was raise._

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _None._

**GROUND TWO:** The state presented no evidence and made no argument that beyond Tristan was permanently incorrigible and beyond rehabilitation.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

None of the victim impact evidence offered by the state at sentencing suggested permanent incorrigibility, despite a number witnesses pleas for a sentence of life without the possibility of parole. None of the witnesses offered any testimony to suggest Tristan was irredeemable.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _I exhausted my state remedies._

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _The issue was raise._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Petition for writ of certiorari_

Name and location of the court where the motion or petition was filed: _Northcarolina court of appeals, P.O. Box 2779, Raleigh, NC 27602_

Docket or case number (if you know): _COA22.985_

Date of the court's decision: _May 17, 2023 - or may 2024_

Result (attach a copy of the court's opinion or order, if available): _Copy not available, the issue was denied._

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _North carolina supreme Court, p.o. Box 2170, Raleigh, N.c. 27602_

Docket or case number (if you know) _no. 33 A 24_

Date of the court's decision: _July 5, 2024 - or march 2023_

Result (attach a copy of the court's opinion or order, if available): _Denied copy available._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_the issue was raise_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _None_

**GROUND THREE:** _Failure to find mitigating Factors under § 15A-1340.19_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_It is evident and easily implied from the context of the trial courts findings that the court assigned no notable mitigating weight to the Factor of Age." the trial court must always assign significant weight to the immaturity mitigating Factor, the trial court treated the intellectual capacity Factor as aggravating._

(b) If you did not exhaust your state remedies on Ground Three, explain why: *I exhausted my state remedies.*

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: *The issue was raise.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Petition for writ of certiorari*

Name and location of the court where the motion or petition was filed: *North carolina court of Appeals, P.O. Box 2779, Raleigh N.C. 27602*

Docket or case number (if you know): *No. COA 22-985*

Date of the court's decision: *may 17, 2023 - or may 2024*

Result (attach a copy of the court's opinion or order, if available): *copy not available, the issue was denied.*

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *North carolina supreme court, P.O. Box 2170, Raleigh, N.C. 27602*

Docket or case number (if you know): *No. 331P24*

Date of the court's decision: *July 5, 2024 - or march 2025*

Result (attach a copy of the court's opinion or order, if available): *denied copy available*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*The issue was raise,*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: *None,*

**GROUND FOUR:** *State and Federal constitutional Violations*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*The state First claims without support that the trial court consider Tristan's evidence but found it not credible. The state improperly engages in a weighing game, pitting mitigation evidence against "other" unnamed evidence.*

(b) If you did not exhaust your state remedies on Ground Four, explain why: *I exhaust my state remedies.*

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: *The issue was raise,*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Petition for writ of certiorari*

Name and location of the court where the motion or petition was filed: _Northcarolina court_

_of Appeals, p.o. Box 2779, Raleigh, N.C. 27602_

Docket or case number (if you know): _No. COA 22-985_

Date of the court's decision: _May 17 2023- or May 2024_

Result (attach a copy of the court's opinion or order, if available): _copy not available, the_

_issue was denied._

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Northcarolina supreme_

_court, p.o. Box 2170, Raleigh, N.C. 27602_

Docket or case number (if you know): _No. 33A24_

Date of the court's decision: _July 5, 2024 - or march 2025_

Result (attach a copy of the court's opinion or order, if available): _Denied copy available._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_the issue was raise._

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _None._

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

        _____

        _____

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

        *All grounds has been presented in state and federal court.*

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

    _____

    _____

    _____

    _____

    _____

    _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

    _____

    _____

    _____

    _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Garland Baker_____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _Garland Baker_____

(d) At sentencing: _Garland Baker_____

(e) On appeal: _Lisa miks, N.C. state Bar No. 18339, P.O. Box 161,_
_Durham, N.c. 27702  919-906-1712_____

(f) In any post-conviction proceeding: _____No_____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☑ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_The one-year statute of limitations contained in 28 u.s.c._
_§ 2244(d) does not bar my petition, because petitioner had_
_exhaust all his state remedies to the highest state court_
_before the one-year statute of limitation expired._

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: (1) New trial on mitigating Factor, (2) that petitioner was a Juvenile at the time of the crime, (3) Find that there was No evidence or argument was presented that petitioner was permanently incorrigible.

or any other relief to which petitioner may be entitled.

_____ PRO SE _____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on   May 20    2025   (month, date, year).

Executed (signed) on    5 / 20 / 25    (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

I am the person signing this petition.

Case 5:25-cv-00087-MR     Document 1     Filed 06/12/25     Page 15 of 24

*1*

WESTERN DISTRICT OF NORTH CAROLINA

FILE NO. 19CRS 50415

| | |
|---|---|
| TRISTAN NOAH BORLASE, Petitioner, V. MARY LOCKLEAR WARDEN Respondent, | PETITION FOR WRIT OF HABEAS CORPUS |

NOW comes Tristan Noah Borlase, petitioner pro se, pursuant to 28 U.S.C. § 2254 petition this Honorable court to grant him a Writ of Habeas corpus.

### STATEMENT OF THE CASE

On February 14, 2022 criminal session of Watauga county superior court before superior court Judge R. Gregory Horne. A Jury found petitioner guilty of two counts of First degree murder. The court entered Judgment and commitment on march 3 2022, sentencing the petitioner to two consecutive sentences of life without the possibility of parole. Petitioner gave Notice of appeal in open court.

### PROCEDURAL HISTORY

1. petitioner contends Dr. Hilkey did find "to a reasonable degree of psychological certainty... that his ability to make and carry out plans or

**2**

consider the consequences of his actions... substantially impaired. Testing further showed petitioner experienced... "as well as indications of family discord and childhood trauma. Petitioner has no severe mental illness; however, at the time he did have an adolescent brain, as well as significant anxiety and depression.

2. Petitioner contends in overlooking the clear indications of likely rehabilitation and failing to consider the lack of evidence of incorrigibility, the trial court "impermissibly ignored the united states supreme court's repeated admonition... that juvenile first degree murder are presumptively less culpable than their adult counterparts and as such should be sentenced differently.

3. Petitioner contends this was improper, as allowing mitigating evidence to be viewed as aggravating" fails to provide for adequate consideration of such evidence. In capital cases, the sentencer may not refuse to consider or be precluded from considering any relevant mitigating evidence.

4. Petitioner has been a person of good character or has had a good reputation in the community in which the petitioner lives" was also established by the record. Teacher Randy combs testified that petitioner "seemed to be well liked." Teacher susan schall remarked on petitioner's likeability "and the fact that he "got along with a lot of peers... and was devoted to the people he loved." The court's refusal to consider record evidence of these mitigating factors.

**3**

I. THE TRIAL COURT WAS WITHOUT SUBJECT MATTER JURISDICTION

FAILURE TO CONSIDER EVIDENCE IN SUPPORT OF A MITIGATING

FACTOR THAT WAS UNCONTRADICTED SUBSTANTIAL AND MANIFESTLY

CREDIBLE.

As the dissent point out, the trial court erred and did not have subject

matter jurisdiction in failing to establish whether petitioner age was

mitigating or Not, in failing to find mitigating factors based on petitioner's

pressure and immaturity, and in failing to find credible evidence of

immaturity, and in failing to find credible evidence of immaturity. With

respect to petitioner's age, the trial court stated only the court finds that

petitioner was 17 years and 11 months old on the offense date. Petitioner

reached the age of adulthood only one month after committing these

homicides. As the dissent points out, it is not apparent how the trial court

considered petitioner age — whether it found it to have no value, some

value, or great value. This violates N.C.G.S. 315A-1340.19[a], requiring the

trial court's sentencing order to include "findings on the absence or

presence" of any mitigating factors, as well as the mandate contained in

EDDINGS V. OKLAHOMAN that a sentencer's must consider all relevant

mitigating evidence and weigh it. EDDINGS V. OKLAHOMA, 455 U.S. 104, 117

[1982]. As to immaturity, the lower court was improperly satisfied with the

sentencing court's "recognizing that juveniles in general are immature but...

there was no evidence to suggest that petitioner was more immature than

someone of his age. As the dissent notes and the record shows, there

4

was specific, credible evidence as to petitioner's immaturity. Dr. Hilkey reported that the frontal cortex of his brain was not yet fully developed... petitioner's clinical depression and significant degree of physiological arousal... activated hormonal chemicals in his brain... factors that would have impacted his ability to make sound decisions and fully appreciate the impact of his behaviors when he killed his parents.

ARGUMENT TWO

II. THE TRIAL COURT DID NOT HAVE SUBJECT MATTER JURISDICTION ON THE GROUNDS THAT THE LOWER ERRED BY USING THE WRONG STANDARD OF REVIEW AND FAILED TO CONSIDER THE SENTENCING COURT'S ORDER ACCORDING TO THE CORRECT LEGAL STANDARD ENUNCIATED IN MILLER.

In affirming the trial court's sentencing order, the lower court employed the wrong standard of review. Although using the words "the sentencing court's decision was not arbitrary," the lower court did not analyze the sentencing court's order for abuse of discretion nor did it hold the sentencing court to the substantive legal standard of miller. Rather, the lower court appears to have conducted a review akin to the analysis for sufficiency of the evidence: that is, [1] the evidence was viewed in light most favorable to the state, as demonstrated by the lower court's assertion that this was not "a whole record review test," and [2] if there was any evidence to support the trial court's findings of fact, the lower court deemed that sufficient to foreclose any further inquiry

5

This fails to get to the heart of what Miller demands: did the evidence show that petitioner was irredeemable? Upon proper review, it is clear that it did not. It is the bottom line that the trial court and the lower court fail to grasp: that even if a court considers mitigation before sentencing a child to life imprisonment, "that sentence still violates the Eighth Amendment for a child whose crime reflects "unfortunate yet transient immaturity." MONTGOMERY V. LOUISIANA, 577 U.S. ___, 193 L.Ed. 2d 599, 619 [2016] [quoting Miller, 567 U.S. at ___ 183 L.Ed. 2d at 424]. The majority makes no attempt to show what evidence supported this conclusion. Nor could it, as much as, even if the trial court's findings of fact were supported by sufficient evidence, those facts still did not support a conclusion that petitioner was permanently incorrigible. The governing legal standard in Miller cases is that LWOP is reserved "for those juvenile petitioners whose crimes reflect irreparable corruption rather than transient immaturity." STATE V. JAMES, 371 N.C. 77, 89 [2018]. This could/should, at a minimum, remand this case to the court of appeals for appellate review which applies the relevant legal standard. Although the trial court recited the magic words "irreparable corruption and permanent incorrigibility without the possibility of rehabilitation, there was no evidence to support this conclusion. As the record shows, and as argued in the petitioner-appellant's Brief in the Lower court, no evidence suggested such a conclusion, nor did the state advance any such argument. The lower court failed to provide a full and fair appellate review, failed to consider undisputed, inherently credible evidence that petitioner was not permanently incorrigible or irredeemable, improperly focused on offense conduct; applied the wrong legal standard in reviewing

6

the sentencing order, and ultimately affirmed a sentence in violation of Miller and its progeny.

ARGUMENT THREE

III. SENTENCING PETITIONER TO LIFE WITHOUT THE POSSIBILITY OF PAROLE WAS AN UNCONSTITUTIONAL APPLICATION OF N.C.G.S. § 15A-1340.19B.

The trial court's order ticked all of the boxes required by the sentencing statute for juveniles set out in N.C.G.S. § 15A-1340.19B. However, as shown by the record and argued in subsections i and ii, above, the evidence did not lead to the conclusion that petitioner is one of the "rare juveniles" who is beyond rehabilitation and thus deserving of a lifetime in prison. Accordingly, the court's application of the statute cannot withstand constitutional scrutiny. U.S. const. Amend. VIII; const. of N.C. Art. I, § 27 ["Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted."]. IN STATE V. AMES, this court vacated the trial court's order sentencing a juvenile offender to life without the possibility of parole. STATE V. AMES, 268 N.C. App. 213 [2019].

ARGUMENT FOUR

IV. THE TESTIMONY OF DR. HILKEY

Petitioner suffered from depression and anxiety and had a history

self-loathing and self-mutilation; showed an elevated risk for suicide; showed an elevated risk for mania, problems with authority, family discord, and rebelliousness," and "endorsed an elevation on the schizoid scale," explaining that "a person who is schizoid tends to withdraw, they have a lot of what we would refer to as autistic thoughts. Dr. Hilkey also explained that he was concerned about early signs of schizophrenia. However, before the trial court imposed the sentences, it expressly found that the petitioner was "neither incorrigible nor irredeemable." Id. Petitioner argue that his consecutive sentences constituted a de facto life-without-parole sentence and therefore violate the Eighth Amendment and Article I, section 27 of the North Carolina constitution. Id. at 560. This court agreed. Id.

THIS 20 DAY OF May 2025.

/s/ [signature]
Petitioner's signature

8

## RELIEF SOUGHT

WHEREFORE, petitioner Tristan Noah Borlase moves this Honorable court to grant the following relief:

1. Accept jurisdiction this case pursuant to 28 U.S.C. § 2254.
2. Issue an order granting petitioner parole.
3. Issue an order that this court will grant a writ of Habeas corpus unless the state holds a new trial within a specified time.

THIS 20 DAY OF May 2025.

/s/ Tristan Borlase
petitioner's signature

9

CERTIFICATE OF SERVICE

This is to certify that the foregoing PETITION FOR WRIT OF HABEAS

CORPUS has been duly served by placing a copy of same in the United States

mail, postage prepaid, and properly addressed as follows.


Clerk's office                              /s/ _____
                                            petitioner's signature
United States District Court
                                            75 Legend Rd
Western District of North Carolina
                                            Lumberton, N.C. 28358
401 West Trade Street

Charlotte, N.C. 28202


THIS 20 DAY OF MAY 2025.


/s/ _____
petitioner's signature